MCGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:20-CR-00152-DAD-BAM |
| Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER THEREON** |
| v. | |
| ADAM PAQUETTE, | Date: November 23, 2020 |
| Defendant. | Time: 1:00 p.m. |
| | Honorable Barbara A. McAuliffe |

The United States of America, by and through MCGREGOR W. SCOTT, United States

Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendant,

Adam Paquette, by and through his attorney of record, Monica Bermudez, hereby stipulate to continue

the status conference in this case from November 23, 2020 until February 24 at 1:00 p.m.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

Eastern District of California until further notice.  This General Order was entered to address public

health concerns related to COVID-19.  Further, pursuant to General Order 611 and 620, this Court's

declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

judges to continue all criminal matters to a date after May 1, 2021.[1]

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

1   justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

2   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3   pretrial continuance must be "specifically limited in time").

4           The parties request that time be excluded between November 23, 2020 and February 24, 2021 for

5   the following reasons:  the defendant needs additional time to review the discovery, consult with her

6   client, and conduct further investigation.  The case involves several drug seizures, approximately 100

7   pages of discovery, and digital discovery in the form of several gigabytes.  The proposed status

8   conference date represents the earliest date that all counsel are available thereafter, taking into account

9   counsels' schedules, defense counsels' commitments to other clients, and the need for preparation in the

10  case and further investigation.  In addition, the public health concerns cited by General Order 611, 612,

11  and 617 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt

12  in this case because counsel or other relevant individuals have been encouraged to telework and

13  minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact

14  should the hearing proceed.

15          The parties further believe that time should be excluded, in that failure to grant the requested

16  case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny

17  both the defendants and the government the reasonable time necessary for effective preparation, taking

18  into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).

19  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the

20  interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

21  ///

22  ///

23  ///

24  ///

25  ///

26

27          [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

28

Act.  Therefore, the parties request that the Court exclude the time until the new status conference from

calculations under the Speedy Trial Act.

Dated: November 17, 2020                                   MCGREGOR W. SCOTT
                                                          United States Attorney


                                                           /s/ *Kathleen A. Servatius*
                                                          KATHLEEN A. SERVATIUS
                                                          Assistant United States Attorney


Dated:  November 17, 2020                                 /s/ Monica Bermudez
                                                          Attorney for Adam Paquette



## **ORDER**

      IT IS HEREBY ORDERED that the status conference in this case be continued from November

23, 2020 until **February 24, 2021 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**

      IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as

requested outweigh the interest of the public and the defendants in a trial within the original date

prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of

computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must

commence, the time period of November 23, 2020 until February 24, 2021, inclusive, is deemed

excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by

the Court at the parties' request on the basis of the Court's finding that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

    Dated:   **November 18, 2020**              /s/ Barbara A. McAuliffe
                                                          UNITED STATES MAGISTRATE JUDGE