PHILLIP A. TALBERT
Acting United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>ADAM PAQUETTE,<br><br>     Defendant. | CASE NO. 1:20-CR-00152-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>CURRENT DATE: October 27, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on October 27, 2021. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and other General Orders were entered to address public health concerns related to COVID-19 (for example, General Order 614—recently extended by General Order 635).

1       Although the General Orders address the district-wide health concern, the Supreme Court has

2   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8   or in writing").

9       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

11   justice continuances are excludable only if "the judge granted such continuance on the basis of his

12   findings that the ends of justice served by taking such action outweigh the best interest of the public and

13   the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

14   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

15   the ends of justice served by the granting of such continuance outweigh the best interests of the public

16   and the defendant in a speedy trial."  *Id.*

17       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7).  Although

18   the Speedy Trial Act does not directly address continuances stemming from pandemics, natural

19   disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.

20   For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St.

21   Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the

22   eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182

23   F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001,

24   terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more

25   enduring, barrier to the prompt proceedings mandated by the statutory rules.

26       In light of the societal context created by the foregoing, this Court should consider the following

27   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1    justice exception, § 3161(h)(7). [1]  If continued, this Court should designate a new date for the status

2    conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

3    continuance must be "specifically limited in time").

4                                                    **STIPULATION**

5          Plaintiff United States of America, by and through its counsel of record, and ADAM

6    PAQUETTE, by and through defendant's counsel of record, Monica Bermudez, hereby stipulate as

7    follows:

8          1.       By previous order, this matter was set for status on October 27, 2021.

9          2.       By this stipulation, defendant now moves to continue the status conference until January

10   22, 2022, and to exclude time between October 27, 2021, and January 22, 2022.

11         3.       While the parties anticipate that the case may resolve without a trial, this is not yet a

12   certainty.  If defendant ultimately does not enter a guilty plea and decides to proceed to trial, the parties

13   agree and stipulate, and request that the Court find the following:

14              a)       The government asserts the discovery associated with this case includes reports,

15         photographs, and recordings; discovery has been provided to counsel. The government is aware

16         of its ongoing discovery obligations.

17              b)       The parties are in ongoing plea negotiations.

18              c)       Counsel for defendant desires additional time to consult with her client, to review

19         the current charges, to conduct investigation and research related to the charges, to review and/or

20         copy discovery for this matter, to discuss potential resolutions with her client, to prepare pretrial

21         motions, and to otherwise prepare for trial.

22              d)       Counsel for defendant believes that failure to grant the above-requested

23         continuance would deny them the reasonable time necessary for effective preparation, taking into

24         account the exercise of due diligence.

25              e)       The government does not object to the continuance.

26              f)       Based on the above-stated findings, the ends of justice served by continuing the

27

28   _____
     [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME              3
PERIODS UNDER SPEEDY TRIAL ACT

1    case as requested outweigh the interest of the public and the defendant in a trial within the

2    original date prescribed by the Speedy Trial Act.

3         g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4    et seq., within which trial must commence, the time period of October 27, 2021 to January 22,

5    2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), because it

6    results from a continuance granted by the Court at defendant's request on the basis of the Court's

7    finding that the ends of justice served by taking such action outweigh the best interest of the

8    public and the defendant in a speedy trial.

9         4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

10   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

11   must commence.

12        IT IS SO STIPULATED.

13

14   Dated:  October 10, 2021                PHILLIP A. TALBERT
                                             Acting United States Attorney

15                                            /s/ JESSICA A. MASSEY
                                             JESSICA A. MASSEY
16                                           Assistant United States Attorney

17
     Dated:  October 10, 2021
18                                            /s/ MONICA BERMUDEZ
                                             MONICA BERMUDEZ
19                                           Counsel for Defendant
                                             ADAM PAQUETTE
20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT

**ORDER**

IT IS SO ORDERED that the status conference is continued from October 27, 2021, to **January 12, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.

Dated:    **October 12, 2021**            /s/ *Barbara A. McAuliffe*        _
                                    UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5